UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE TEAMSTERS UNION NO. 142 PENSION FUND, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 2:22 CV 261-PPS-JEM |
| C.N.B. CONSTRUCTION LLC, | ) ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiffs, Trustees of the Teamsters Union No. 142 Pension Fund, Trustees of the Teamsters Union Local No. 142 Training and Apprenticeship Trust Fund, and Trustees of the Teamsters Union Local No. 142 Annuity Fund, filed a motion for default judgment against Defendant C.N.B. Construction LLC.  [DE 7.]  The request is supported by a memorandum [DE 8] as well as an affidavit of Jay Smith, Fund Manager of Teamsters Union No. 142 Pension Fund, Training and Apprenticeship Trust Fund, and Annuity Fund [DE 8-1], and an affidavit of attorney's fees [DE 8-2].  For the following reasons, I will grant Plaintiffs' motion for default judgment and grant the requested damages as against Defendant C.N.B. Construction LLC.

**Background**

Plaintiffs are trustees of a multi-employer benefit funds.  They filed this collection action against the Defendant/Employer, C.N.B. Construction LLC, pursuant to Section 502(a)(3) and (g)(2) of the Employment Retirement Income Security Act

("ERISA"), 29 U.S.C. §§ 1132(a)(3), (e)(1) and (f), and 1145 and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185(a), seeking to obtain unpaid benefit fund contributions. [DE 1.] In addition to these claims based upon federal statutes, Plaintiffs also bring a breach of contract claim for breach of the April 5, 2022 settlement agreement covering certain delinquent contributions, liquidated damages, interest, and attorneys fees. [DE 1 at 6.]

The collective bargaining agreements ("CBAs") with Teamsters Union Local No. 142 (the "Union") require C.N.B. to pay contributions on behalf of employees performing work under the CBAs. Despite those written agreements, C.N.B. has failed to pay the required contributions.

Plaintiffs filed suit on September 7, 2022. [DE 1.] Summons was issued and returned executed as to defendant C.N.B. [DE 3, 4.] C.N.B. has not appeared by counsel, or filed any answer or other responsive pleading.

On October 11, 2022, Plaintiffs requested the Clerk enter default, and obtained entry of default the next day against C.N.B. [DE 5, 6.]

Plaintiffs filed a motion for default judgment on October 19, 2022. [DE 7.] In an abundance of caution, I ordered the Clerk to mail a copy of the default judgment motion to C.N.B. [DE 9.] Defendant C.N.B. still has not filed an appearance, answer to the complaint, or any response to the motion for default judgment.

## Discussion

Federal Rule of Civil Procedure 55(a) governs the entry of default and default judgment. When a defendant fails to answer a complaint or otherwise defend himself,

the clerk can make an entry of default. Fed. R. Civ. P. 55(a). "Entry of default must precede an entry of default judgment." *Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F.Supp.2d 933, 941 (N.D. Ind. 2005). In this case, default has been entered against the defendant by the Clerk.

Once the default has been established, Federal Rule of Civil Procedure 55 authorizes a party to seek and a court to enter a default judgment. So long as the allegations are well-pled, a default judgment generally "establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (quotation omitted); *see also e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

When a party applies for default judgment under Rule 55(b)(2), I am required to exercise sound judicial discretion in determining whether the judgment should be entered. *Wolf Lake Terminals*, 433 F.Supp.2d at 941. I must consider a number of factors when deciding a motion for default judgment, including "whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have." *Wolf Lake Terminals*, 433 F.Supp.2d at 941; *see* Wright & Miller 10A FEDERAL PRAC. & PROC. § 2683 (3d ed.). All well-pleaded facts are taken as true for purposes of liability. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *Cameron v. Myers*, 569 F.Supp.2d 762, 764 (N.D. Ind. 2008). Thus if the complaint establishes the requisite elements of liability on a

3

claim, a plaintiff is entitled to relief for that claim. *See In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

Nevertheless, an entry of default judgment is only appropriate if the allegations, along with other evidence submitted, establish a cognizable claim for relief. *Franko v. All About Travel Inc.*, No. 2:09-CV-233 JVB, 2014 WL 2803987, at *1 (N.D. Ind. June 19, 2014) ("Default judgment is appropriate only if the well-pleaded allegations of the complaint are sufficient to establish a legal claim."). "Once the default is established, and thus liability, the plaintiff still must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d at 793. In other words, I still have to decide whether damages are appropriate, and in what amount.

In turning to the factors to consider when deciding a motion for default judgment, I first note that there is no material issue of fact. C.N.B. is a party to two CBAs with the Union. [DE 8-1 at 1.] C.N.B. is a member of the Four County Highway Contractor's Group, which is a signatory to a CBA with the Union. [*Id.* at 1-2.] The CBA required C.N.B. to make periodic contributions on behalf of employees performing work covered under the CBA. [*Id.* at 2.] C.N.B. is also a member of the Northwest Indiana Contractors Association ("NWICA"). [*Id.* at 3.] The NWICA CBA, as amended by the C.N.B. Construction LLC Non-Construction Addendum, requires C.N.B. to make periodic contributions on behalf of its employees of Plaintiffs' Pension Fund and Annuity Fund in the amounts established by the CBA. *Id.*

The default in this case was not just largely technical. As outlined in the Smith

affidavit, C.N.B. routinely failed to pay contributions despite frequent demands from the fund's collection office. *Id.* As a result of the delinquencies, the Funds filed a separate lawsuit against C.N.B. in July 2021, case No. 2:21-cv-213-PPS-JPK. I entered default judgment in that case on November 16, 2021. In April 2022, after the Funds commenced proceedings supplemental in that case, the Funds and C.N.B. agreed to the terms of a settlement agreement. [*Id.*, DE 81 at 7-12.] Pursuant to the terms of the settlement agreement, C.N.B. was supposed to pay the funds a total of $327,208.71. *Id.* While the funds eventually received the $163,604.36 down payment largely through garnishment proceedings, C.N.B. failed to timely pay the monthly installments required under the Settlement Agreement, which were supposed to start on May 1, 2022. [DE 8-1 at 4.]

The CBAs require C.N.B. to make contributions to the Funds of which Plaintiffs are trustees. [Compl. at 1.] Additionally the CBAs incorporate by reference the terms of the Funds' Trust Agreements. [*Id.* at 3.] The Trust Agreements give Plaintiffs the authority to collect employer contributions due to the Fund. *Id.* Pursuant to the terms of the CBAs, Trust Agreements, and Plaintiffs' collection policies, C.N.B. is required to submit all monthly reports and contributions by the specified due dates. *Id.* If payment is late, the contributions are delinquent and subject to liquidated damages of 20% of the contribution amount and interest at the rate of 10% per year until paid in full. *Id.* C.N.B. is also liable for all attorney fees and costs incurred in the connection with the collection of delinquent contributions and/or other amounts owed to the Funds. *Id.*

5

ERISA requires obligated employers to contribute funds pursuant to the terms of a CBA. 29 U.S.C. § 1145. Here, the CBAs explicitly require contribution to the Plaintiffs' funds, and the Trust Agreement outlines the consequences of delinquent contributions. Smith's affidavit and the attached exhibits summarize the delinquent contributions and ancillary amounts owed. Because defendant C.N.B. has failed to contest the allegations, it is liable for the delinquent contributions, interest, liquidated damages, and attorney fees and costs.

Because Plaintiffs are entitled to a default judgment on their claims, I must also determine the amount of damages. In the context of a default judgment, the amount of damages must be proven with facts beyond the allegations of the complaint. *See Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1988)). Thus, upon considering a motion for default judgment, a court may need to hold a hearing to determine damages. *See Dundee Cement Co.*, 722 F.2d at 1323. But in cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, like in this case, such a hearing is unnecessary. *See e360 Insight*, 500 F.3d at 602.

Plaintiffs have provided this information. Under section 1132(g)(2), a mutli-employer plan that is awarded a judgment under section 1145 is entitled to be paid: (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) the greater of interest or liquidated damages of up to 20% as specified in the plan; (4) reasonable attorney's fees and costs; and (5) other legal or equitable relief that the court deems

appropriate. 29 U.S.C. § 1132(g)(2). Courts have held that the award of these remedies is mandatory when the plan prevails. *Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.*, 298 F.3d 600, 608 (7th Cir. 2002). Additionally, because C.N.B. has not controverted Plaintiffs' claim for breach of the settlement agreement, damages are also due for C.N.B.'s failure to make all of the payments required by that agreement.

Plaintiffs have established through the Smith affidavit that at the time of the motion for default judgment, the current balance under the settlement agreement was $103,683.12. [DE 8-1 at 4-5.] In addition to the amounts included in the settlement agreement, C.N.B. incurred additional liabilities set forth in a chart by Plaintiffs. [*Id.* at 5, 13.] Specifically, C.N.B. owes contributions for the months of April 2022 through September 2022 in the amount of $78,958.72 to the Pension Fund, $41,471.71 to the Annuity Fund, and $4,290.16 to the Training Fund. [*Id.* at 5.] Additionally, C.N.B. owes interest in the amount of $1,574.49 to the Pension Fund, $819.82 to the Annuity Fund, and $82.94 to the Training Fund. *Id.* Regarding liquidated damages, C.N.B. owes $15,791.74 in liquidated damages to the Pension Fund, $8,294.34 in liquidated damages to the Annuity Fund, and $858.03 in liquidated damages to the Training Fund. *Id.*

Finally, the Stoehr affidavit and the attached chart also establish that C.N.B. owes attorney fees and costs from March 1, 2022 through October 18, 2022, in the amount of $7,164 in connection with Plaintiffs' efforts to collect the amounts at issue in this action. [DE 8-2 at 2, 5-9.]

Defendant C.N.B. has not disputed any of the amounts claimed.

7

**ACCORDINGLY:**

Plaintiffs, Trustees of the Teamsters Union No. 142 Pension Fund, Trustees of the Teamsters Union Local No. 142 Training and Apprenticeship Trust Fund, and Trustees of the Teamsters Union Local No. 142 Annuity Fund, Motion for Default Judgment [DE 7] is GRANTED. The Clerk is directed to enter default in the total amount of $263,389.07 (representing unpaid contributions, liquidated damages, interest, and attorney's fees and costs) in favor of Plaintiffs and against Defendant C.N.B. Construction LLC. Plaintiffs are also awarded post-judgment interest at the statutory rate along with any additional attorney's fees and costs incurred in collecting the judgment amount.

SO ORDERED.

ENTERED: December 13, 2022

                                     s/ Philip P. Simon
                                     PHILIP P. SIMON, JUDGE
                                     UNITED STATES DISTRICT COURT